[Cite as *State v. Brunner*, 2015-Ohio-4281.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-97 |
| v. | : | (C.P.C. No. 13CR-4204) |
| Nathaniel Brunner, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 15, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

*Siewert & Gjostein Co. LPA*, and *Thomas A. Gjostein*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1}   Nathaniel Brunner is appealing from numerous felony convictions and sentences totaling 78-years-to-life incarceration.  For the following reasons, we affirm the judgment of the Franklin County Court of Common Pleas.

{¶ 2}   Brunner assigns three errors for our consideration:

1. The trial court committed prejudicial error in denying appellant's motion for severance of separate trials from the co-defendant and caused his right to a fair trial to be violated under the Sixth Amendment of the United States Constitution and Ohio Constitution, Article I, Section 16.

2. The trial court erred in refusing to instruct the jury on the mental elements required to convict the defendant as an accomplice and thereby relieved the state of its obligation to prove the mental elements of the charged offenses, as well as,

deprived the defendant of his right to trial on the mental elements of the alleged crimes.

3. Appellant's conviction was not supported by the sufficiency of the evidence in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Ohio Constitution, Article I, Section 16 and the conviction was also against the manifest weight of the evidence.

{¶ 3} The charges of which Brunner was convicted stem from two separate events. On July 24, 2013, Brunner and three other men robbed a Convenient Plus Food Mart at around 11:00 pm. During the robbery, an employee of the store was shot in the face twice. The victim died from his injuries.

{¶ 4} A few days later, Brunner was driving westbound on Interstate 70 in the company of Devonere Simmonds when the car they were driving broke down. The two men started walking toward a nearby business complex, and they were given a ride by a member of the Ohio State Highway Patrol, who dropped them off, clearly unaware they had recently killed someone. Later that night, Simmonds shot the owner of a motor vehicle that the men then stole. Although seriously injured, the owner of the vehicle survived.

{¶ 5} Brunner was indicted in September 2013 with eight counts: aggravated murder, murder, attempted murder, three counts of aggravated robbery, felonious assault, and having a weapon while under disability. Seven of the counts carried a three-year firearm specification.

{¶ 6} The first assignment of error argues that Brunner's motion for severance of the trials should have been granted due to prejudice caused by "spill-over" from co-defendant Simmonds. Brunner argues that the graphic violence depicted in the security camera video of Simmonds shooting the Convenient Plus Food Mart employee point-blank in the face was highly prejudicial to both himself and Simmonds but only really relevant to Simmonds as he is the one who shot the employee both times.

{¶ 7} Crim.R. 8(B) provides in part: "Two or more defendants may be charged in the same indictment, information or complaint if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses, or in the same course of criminal conduct." As a general rule, the law

favors joinder of trial because, among other reasons, it conserves judicial resources and reduces the possibility of incongruous results before different juries. *State v. Boone*, 10th Dist. No. 14AP-87, 2015-Ohio-2648, ¶ 25; *State v. Walters*, 10th Dist. No. 06AP-693, 2007-Ohio-5554, ¶ 21.

{¶ 8} A defendant may move for severance from a co-defendant's trial pursuant to Crim.R. 14 upon a showing of prejudice. Crim.R. 14; *State v. Klinkner*, 10th Dist. No. 13AP-469, 2014-Ohio-2022, ¶ 18. The defendant has the burden to affirmatively demonstrate prejudice. *Id.*, citing *State v. Payne*, 10th Dist. No. 02AP-723, 2003-Ohio-4891, ¶ 23. The defendant must furnish the trial court with sufficient information so that it can weigh the considerations in favor of joinder against the defendant's right to a fair trial. *State v. Torres*, 66 Ohio St.2d 340, 343 (1981).

{¶ 9} The state may rebut a defendant's claim of prejudicial joinder in two ways. *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, ¶ 50. The first way is by satisfying the "other acts" test. *State v. Lott*, 51 Ohio St.3d 160, 163 (1990). If, in separate trials, the state could introduce evidence of the joined offenses as "other acts" under Evid.R. 404(B), a defendant cannot claim prejudice from the joinder. *Id.; see also State v. Coley*, 93 Ohio St.3d 253, 259-60 (2001). The state may also negate a claim of prejudice by satisfying the less stringent "joinder test," which requires a showing "that evidence of each crime joined at trial is simple and direct." *Lott* at 163; *Torres* at 344.

{¶ 10} Trial courts are given considerable latitude in determining whether a severance is warranted, which is reviewed under an abuse-of-discretion standard. *State v. Schiebel*, 55 Ohio St.3d 71, 89 (1990). "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 11} The trial counsel for Brunner tried to get the trials of the two men separated, arguing that the prejudicial evidence against co-defendant Simmonds would spill over to his client. Counsel also attempted to have the events tried separately. Trial counsel's motions to that effect were overruled. A jury found Brunner guilty of two counts of aggravated robbery, one count of aggravated murder, one count of murder, one count of attempted murder, and one count of felonious assault. The trial judge, sitting as the

trier of fact, found Brunner guilty of a single charge of having a weapon under disability. The more serious charges carried firearm specifications.

{¶ 12} The facts developed at trial demonstrate that Brunner was involved in the two separate robberies but that Simmonds was the person who shot the employee at the Convenient Plus Food Mart. The evidence also indicated that Simmonds was the person who shot the owner of the motor vehicle that the co-defendants stole a few days later. More details about Brunner's roles in the crimes are discussed below.

{¶ 13} Under the circumstances, the desire of counsel to separate Brunner from Simmonds at trial is understandable. However, given the close links in time and in facts between the two sets of events clearly made it appropriate for the crimes, all committed within a 60-hour window, to be tried at one time. We do not find that the trial court abused its discretion in denying Brunner's motion for severance.

{¶ 14} The first assignment of error is overruled.

{¶ 15} Turning to the third assignment of error, Brunner argues that his conviction was not supported by a sufficiency of the evidence and was also against the manifest weight of the evidence.

{¶ 16} Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. *Id.* "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979). The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. *Jenks* at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant. *See Thompkins* at 387.

{¶ 17} Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence. *Thompkins* at 387. In so doing, the court of appeals, sits as a " 'thirteenth juror' " and, after " 'reviewing the entire

record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983); *see also Columbus v. Henry*, 105 Ohio App.3d 545, 547-48 (10th Dist.1995). Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387, quoting *Martin* at 175.

{¶ 18} Brunner argues specifically that Darrell Durham, one of the four men who robbed the Convenient Plus Food Mart, was lying while testifying in order to obtain a plea deal. However, Brunner does not state what Durham was specifically lying about. Brunner also makes an argument, pursuant to Ohio Evid.R. 403(A), that the prejudicial nature of some of the evidence outweighed its probative value.

{¶ 19} The evidence shows that Brunner went with three other men to the Convenient Plus Food Mart. He stood at the door of the Convenient Plus Food Mart, apparently serving as lookout while Simmonds robbed the store. Brunner himself was armed with a firearm.

{¶ 20} Simmonds shot the employee in the eye and then tried to get money from a lotto machine. Durham, one of the four, noticed that the employee was not dead yet and informed both Brunner and Simmonds. Simmonds then approached the employee again and once again shot the employee in the face. Brunner, still armed, continued to stand guard at the door to the store while Simmonds executed the employee. Brunner and Simmonds then left the area.

{¶ 21} These facts leave no room for doubt that Brunner was helping in the robbery of the Convenient Plus Food Mart and assisting in the killing of the store employee by standing guard at the door to the store while the robbery and killing occurred.

{¶ 22} The evidence concerning the robbery and killing at the Convenient Plus Food Mart was more than sufficient to sustain the convictions. The convictions were supported by competent, credible evidence going to all the essential elements of the case and by the clear weight of the evidence.

{¶ 23} The third assignment of error is overruled as to the convictions involving the Convenient Plus Food Mart.

{¶ 24} Turning to the evidence about the theft of a car and the shooting of the owner a few days later, Simmonds and Brunner were still together, apparently attempting to flee central Ohio after the involvement in the killing of the Convenient Plus Food Mart employee. They first used a vehicle obtained from a former girlfriend of Brunner's. The girlfriend claimed the vehicle was stolen from her, but the jury was not convinced of that beyond a reasonable doubt.

{¶ 25} The former girlfriend's car broke down on the freeway, leaving the two men on foot in Madison County, the county due west of Columbus. The men were picked up by a trooper with the Ohio State Highway Patrol. The trooper made no effort to determine if the men were armed and dangerous. The trooper dropped the men off at a local business complex and left them.

{¶ 26} Brunner and Simmonds stayed at the business complex for hours. After apparently trying unsuccessfully to get friends or family to come pick them up, they decided to steal a car. They approached a driver and tried to get his keys. When the driver started fighting with them in order to keep his car keys, Simmonds shot him in the head. Simmonds and Brunner then left in the driver's car.

{¶ 27} The men temporarily stopped their flight in the Dayton, Ohio area. They fell asleep in the stolen car. The gun used by Simmonds in both sets of crimes was sitting in the lap of the sleeping Brunner. That gun was the basis for the conviction for having a weapon under disability, given Brunner's juvenile record.

{¶ 28} The facts clearly support the convictions related to the second incident. Brunner wanted to continue the flight from central Ohio. He approached the owner of the car along with Simmonds. He knew Simmonds was capable of shooting and killing an innocent robbery victim. Brunner was present for the scuffle over the keys and for the shooting which ensued. Brunner remained with Simmonds after Simmonds shot the driver in the head. There is sufficient evidence to sustain the convictions of the theft of the car and the shooting of the owner. The convictions were supported by the clear weight of the evidence.

{¶ 29} The remaining parts of the third assignment of error are overruled.

{¶ 30} Finally, the second assignment of error questions the jury instructions given as to complicity in a crime. Specifically, Brunner's counsel argues that the court should have instructed the jury on the mental elements required to convict a defendant as an accomplice. Brunner argues that the aggravated robbery, felonious assault, kidnapping, and aggravated burglary convictions are all predicated upon improper instructions on accomplice liability.

{¶ 31} In reviewing a trial court's jury instruction, an appellate court determines whether the trial court abused its discretion in refusing to give a requested instruction under the facts and circumstances of the case. *State v. Gover*, 10th Dist. No 05AP-1034, 2006-Ohio-4338, ¶ 22, citing *State v Wolons*, 44 Ohio St.3d 64, 68 (1989).

{¶ 32} The trial court gave the following jury instructions in regards to finding a defendant complicit in a crime:

> The Defendants may be convicted as principal offenders or as a complicitor or an aider or abettor to any or all counts and specifications of the indictment.
>
> Before you can find the Defendant guilty of a crime or specification as a complicitor or aider and abettor, you must find beyond a reasonable doubt that on or about July 24, 2013, to July 27, 2013, in Franklin County and Madison County, Ohio, the Defendant solicited or procured another to commit the offense or aided or abetted another in committing the offense with the same knowledge or purpose as required by the offense under consideration.
>
> * * *
>
> An aider or abettor is one who aids, or – I'm sorry, aids, assists, encourages, cooperates with, advises, or incites another to commit a crime, and participates, in the commission of the offense by some act, work or gesture.
>
> * * *
>
> The purpose to kill can be inferred from the circumstances surrounding the crime. A common purpose among two or more people to commit a crime need not be shown by positive evidence, but may be inferred from circumstances surrounding the act from Defendant's subsequent conduct.

Criminal intent may be inferred from presence, companion-ship or – and conduct before and after the offense is committed. In addition, mere presence can be enough if it is intended to and does aid the primary offender.

Purpose to kill does not require premeditation. A purpose to kill can be formulated after instantaneous deliberation.

The factfinder can infer an aider and abettor's purpose to kill where the participants in a felony entered into a common design and either the aider or abettor knew that an inherently dangerous instrumentality was to be employed to accomplish the felony or the felony and the manner of its accomplishment would be reasonably likely to produce death.

(R. 165, Tr., 754-56.) Brunner objected to the final paragraph quoted above being included, arguing that it was not part of the Ohio Jury Instructions. The trial court overruled the motion and allowed the final paragraph to be read to the jury.

{¶ 33} This final paragraph essentially states the Supreme Court of Ohio's reasoning in *State v. Scott*, 61 Ohio St.2d 155 (1980):

A jury can infer an aider and abettor's purpose to kill where the facts show that the participants in a felony entered into a common design and either the aider or abettor knew that an inherently dangerous instrumentality was to be employed to accomplish the felony or the felony and the manner of its accomplishment would be reasonably likely to produce death.

*Id.* at 165; *see also State v. Mitchell*, 10th Dist. No. 10AP-756, 2011-Ohio-3818, ¶ 29. It is clear that the paragraph of jury instructions that Brunner moved to have removed is consistent with the decisions of the Supreme Court.

{¶ 34} We conclude that the charge given was completely consistent with the case law regarding R.C. 2903.01. The charges included the mental state required for the crime. Specifically, the trial judge told the jury an accomplice must have the same knowledge or purpose as required for the principal offense. The trial court did not abuse its discretion in giving instructions as to the requirements to find Brunner's complicity in the crimes committed.

{¶ 35} The second assignment of error is overruled.

{¶ 36}  All three assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN, P.J., and DORRIAN, J., concur.

_____